# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW SELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:22-cv-03157-MDH |
| | ) | |
| LESTER E. COX MEDICAL CENTERS, and | ) | |
| ADVOCATES FOR COMMUNITY HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendant Lester E. Cox Medical Centers' ("Defendant Cox's") and Defendant Advocates for Community Health d/b/a Jordan Valley Community Health's ("Defendant Jordan Valley's") Motions to Dismiss (Docs. 11, 15). Defendant Cox and Defendant Jordan Valley have submitted briefs in support (Docs. 12, 16). Pro Se Plaintiff Matthew Sellman ("Plaintiff") has submitted briefing in opposition (Docs. 19 and 20). Defendant Jordan Valley responded again (Doc. 21). This Court has reviewed all briefing and the matter is now ripe for review. For reasons herein, Defendant Cox's and Defendant Jordan Valley's Motions are **GRANTED** and Plaintiff's Pro Se Motion to Appoint Counsel (Doc. 8) is **MOOT**.

## BACKGROUND

Plaintiff's pro se complaint (Doc. 1) alleges violations of Title III of the Americans with Disabilities Act ("ADA"), generally prohibiting discrimination in public accommodation. 42 U.S.C. § 12182. Though difficult to understand, Plaintiff appears to argue a violation of his statutory rights occurred when Dr. Clint Strong acted unprofessionally and misdiagnosed Plaintiff

1

with opioid abuse disorder. (Doc. 1-6 at ℙ 4). Plaintiff asserts Dr. Strong should have referred Plaintiff to a pain management specialist, rather than subscribing Suboxone. (Doc. 1-6 at ℙ ℙ 4, 13, 19). Plaintiff's allegations imply Defendant Jordan Valley employs Dr. Strong, though Plaintiff's connection to Defendant Cox remains unclear. (Doc. 1-6 at ℙ 4). It appears Plaintiff's complaint references Defendant Cox four times. (Doc. 1-6 at ℙℙ 21, 22, 25, 32). Plaintiff's first two references to Defendant Cox, simply regard a review of medical records. (Doc. 1-6 at ℙ ℙ 21, 22). Plaintiff's third reference to Defendant Cox appears to contend a provider associated with Defendant Cox lied to Plaintiff by telling Plaintiff, "Suboxone was for the pain." (Doc. 1-6 at ℙ 25). Plaintiff's final reference to Defendant Cox appears in Plaintiff's request for relief, where Plaintiff asks this Court to investigate Defendant Cox for insurance fraud. (Doc. 1-6 at ℙ 32). Plaintiff's complaint does not appear to connect Defendant Cox to any specific medical treatment Plaintiff received.

## STANDARD

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).

2

## ARGUMENT

Focusing on Plaintiff's complaint, Defendant Cox argues: 1) Plaintiff fails to assert any legally cognizable claim under the ADA; 2) Plaintiff lacks standing to bring any claim against Defendant Cox; 3) Title III permits only injunctive relief. The Eighth Circuit held that Title III of the ADA requires showing, "(1) that [Plaintiff] is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017) (citations omitted). Though Plaintiff's overall allegations remain convoluted, it is clear Plaintiff has failed to establish any of the four elements required for a prima facie Title III claim. Instead, Plaintiff's allegations amount merely to conclusory statements regarding dissatisfaction about his treatment from medical providers. The Eighth Circuit has held ADA lawsuits cannot be based simply on medical treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005).

Even taking as true all allegations within Plaintiff's compliant, the connection between Plaintiff and Defendant Cox remains unclear. Standing for a justiciable claim requires any alleged injury be "fairly traceable" to a challenged action from a particular defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As described above, Plaintiff's complaint references Defendant Cox several times. Each reference, however, fails to establish connection with any alleged injury. Because Plaintiff's complaint has failed to state a prima facie ADA claim and because Plaintiff lacks standing to bring an ADA claim against Defendant Cox, Defendant Cox's Motion is granted.

Defendant Jordan Valley argues: 1) this Court lacks subject matter jurisdiction for any tort claim due to Plaintiff's failure to exhaust administrative remedies; 2) Plaintiff generally fails to state any ADA claim upon which relief may be granted; 3) Plaintiff has failed to name the proper parties for any tort claim against Defendant Jordan Valley. Defendant Jordan Valley's first and third arguments appear to assume Plaintiff asserts claims under the Federal Tort Claims Act ("FTCA"). Certain parts of Plaintiff's complaint indeed appear to discuss tort causes of action. For example, Plaintiff claims his diagnosis of opioid use disorder is "defamatory." (Doc. 1-6 at ¶ 33). Plaintiff's complaint generally appears to focus on dissatisfaction with care received, which may conceivably indicate Plaintiff's intent to allege malpractice. However, Plaintiff's complaint is explicit that it alleges violations of the ADA, specifically citing 42 U.S.C. § 12182 and the corresponding regulation. (Doc. 1-6 at ¶ 3). To the extent Plaintiff's compliant contemplates any tort claim, this Court finds Plaintiff has failed to exhaust administrative remedies as required by federal statute. *See* 28 U.S.C.A. § 2675(a) ("an action shall not be instituted upon a claim against the United States for money damages for…personal injury…caused by the negligent or wrongful act…of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency…"); *Motley v. United States*, 295 F.3d 820, 823 (8th Cir. 2002) ("FTCA provides the exclusive statutory remedy for plaintiffs' medical malpractice claim against [health clinic] because this otherwise private medical center is deemed a federal employee for FTCA purposes."); 42 U.S.C.A. § 233 (employees of federally supported health centers deemed federal employees for FTCA purposes). Plaintiff's complaint fails to allege exhaustion of administrative remedies. Further, any plausible implication of a tort allegation in Plaintiff's complaint is conclusory, void of facts giving rise to claims for relief.

4

Defendant Jordan Valley's second argument focuses on whether Plaintiff's complaint is sufficient, given established requirements for a prima facie ADA claim. While Plaintiff's complaint is adequately clear that Defendant Jordan Valley employs Dr. Strong who treated and diagnosed Plaintiff, Plaintiff nonetheless fails to establish any of the four prima facie elements described above to state a claim for relief under Title III. Accordingly, Defendant Jordan Valley's Motion is granted.

## CONCLUSION

For foregoing reasons, Defendant Cox's Motion to Dismiss (Doc. 11) is **GRANTED**. Defendant Jordan Valley's Motion (Doc. 15) is also **GRANTED**. Plaintiff's Pro Se Motion to Appoint Counsel (Doc. 8) is **MOOT**. To the extent Plaintiff's complaint contemplates any ADA claim, Plaintiff's complaint is dismissed with prejudice. To the extent Plaintiff's complaint contemplates any FTCA claim, Plaintiff's complaint is dismissed without prejudice. To the extent Plaintiff's complaint contemplates any state-level tort claim, Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:        November 16, 2022

_/s/ Douglas Harpool_

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**